EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| El Pueblo de Puerto Rico<br><br>Recurrido<br><br>v.<br><br>María Fernanda Hernández Fuentes<br><br>Peticionaria | Certiorari<br><br>2021 TSPR 65<br><br>206 DPR \_\_\_\_ |

Número del Caso:  CC-2021-157

Fecha: 12 de mayo de 2021

Tribunal de Apelaciones:

    Panel V

Abogado de la parte peticionaria:

    Lcdo. Alberto Carlos Rivera Ramos

Materia:  Resolución del Tribunal con Voto particular disidente.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

     Recurrido

       v.                 CC-2021-0157

María Fernanda Hernández
Fuentes

     Peticionaria

RESOLUCIÓN

En San Juan, Puerto Rico, a 12 de mayo de 2021.

     Evaluada la *Moción de Reconsideración* y la *Moción en solicitud de orden provisional en auxilio de jurisdicción* presentada por la parte peticionaria, se provee no ha lugar a ambas.

     Para revocar una probatoria, se exige, al menos: (1) una vista preliminar para determinar si hay causa probable para creer que el probando ha violado las condiciones de su probatoria; y (2) **una vista final antes de la decisión definitiva sobre si la probatoria será revocada** (Énfasis suplido). <u>Martínez Torres v. Amaro Pérez</u>, 116 DPR 717, 725 (1985). Véase, además: E. Chiesa Aponte, <u>Derecho Procesal Penal de Puerto Rico y Estados Unidos</u>, Ed. Forum, 1991, Vol. I, pág. 519. Esta última es la vista que se celebrará mañana, 13 de mayo de 2021.

     El Tribunal de Apelaciones actuó correctamente. Esta no es la etapa más propicia para la consideración de los méritos de la revocación de la probatoria. De hecho, la peticionaria pudo haber resuelto todo esto antes, si hubiera acudido al Tribunal de Apelaciones cuando el Tribunal de Primera Instancia declinó modificar las condiciones de la probatoria para avalar el uso de cannabis. No lo hizo. Cuando el foro primario ordenó comenzar el

proceso de revocación de la probatoria, explicó: "**Se dará una fecha inicial para ver qué va a pasar. Si lo que procede es la revocación o qué alternativas dependiendo de las recomendaciones sociales**". (Énfasis suplido) Véase, Ap. Cert., *Minuta*, pág. 13. Como vemos, **aún no se ha tomado una determinación definitiva en cuanto a la revocación de probatoria de la peticionaria o si se le impondrá alguna sanción**. La peticionaria puede y debe presentar todos sus planteamientos de derecho ante el foro primario en la vista de mañana, 13 de mayo de 2021. Además, conserva su derecho a revisar la determinación final del foro primario, si esta no le favoreciera. Tomar cualquier determinación en estos momentos sería prematuro porque estaría basada en una conjetura.

La revisión judicial se da en la etapa correcta. Las defensas y planteamientos se presentan y resuelven, inicialmente, en el foro primario. No nos corresponde ser abogados de ninguna de las partes ni suplantar en este asunto al Tribunal de Primera Instancia.

Notifíquese inmediatamente.

Lo acordó el Tribunal y lo certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Estrella emitió un Voto Particular Disidente, al que se unieron la Jueza Presidenta Oronoz Rodríguez y el Juez Asociado señor Colón Pérez.

La Jueza Presidenta Oronoz Rodríguez disiente y hace constar la expresión siguiente:

> La Jueza Presidenta Oronoz Rodríguez hubiese ordenado la paralización de los procedimientos de revocación de sentencia suspendida que el Tribunal de Primera Instancia se presta a celebrar en el caso contra la Sra. María F. Hernández Fuentes. Consiguientemente, hubiese expedido en reconsideración la solicitud de *certiorari* que presentó ante este Tribunal.
>
> La Ley Núm. 42-2017, *Ley para manejar el estudio, desarrollo e investigación del cannabis para la innovación, normas aplicables y límites*, 24 LPRA sec. 2621, et seq., establece, expresamente y sin ambages, la legalidad del uso del cannabis medicinal, siempre que esta se obtenga y se utilice dentro de los parámetros que dispone la Ley. En consecuencia, la misma Ley dispone la improcedencia de consecuencias punitivas, criminales o civiles, por su posesión cuando se trate de una persona que cumple a cabalidad con lo dispuesto en la Ley. Art. 23, Ley Núm. 42-2017, supra.

En este caso, nadie contraviene que la señora Hernández Fuentes obtuvo una licencia válida que le concedió el Estado para utilizar cannabis medicinal como parte de su tratamiento. Ello basado en el cuadro clínico que evaluó tanto un profesional de la salud autorizado como la Junta Reglamentadora del Cannabis Medicinal del Departamento de Salud. Lo anterior es suficiente para concluir que sus acciones en beneficio de su salud están cobijadas por el ordenamiento y no ameritan la intervención de los tribunales. Menos cuando el único propósito de su intervención discrecional es determinar si esta merece la cárcel.

Cabe resaltar que, de sobrevenir un dictamen erróneo del foro primario, la señora Hernández Fuentes se expone a que se ordene su reclusión inmediata **por el periodo de tiempo completo** señalado en la sentencia cuya ejecución el tribunal sentenciador suspendió. Art. 4, *Ley de sentencia suspendida y libertad a prueba*, 34 LPRA sec. 1029. Esto **sin que se le abone los casi cinco años en libertad a prueba que la peticionaria ha cumplido y a tan solo unos pocos meses de culminar el término de probatoria que se le concedió para extinguir su pena**.

Que quede claro: si a la señora Hernández Fuentes se le revoca su libertad a prueba, se la llevan directo a la cárcel. Aun si solicita la revisión de tal determinación, el daño ocurrió y se le encarceló de manera injusta y contraria a derecho. La solicitud de la señora Hernández Fuentes fue clara y este Foro no debió darle la espalda. Como no puedo avalar la determinación que tomó una mayoría de este Tribunal, disiento.

El Juez Asociado señor Colón Pérez disiente y hace constar la expresión siguiente:

El Juez Asociado señor Colón Pérez disiente del curso de acción seguido por una mayoría de esta Curia en el caso de epígrafe y, en consecuencia, hubiese provisto *ha lugar* tanto a la solicitud en auxilio de jurisdicción -- donde se solicita la paralización del procedimiento de revocación de probatoria pendiente ante el Tribunal de Primera Instancia -- como a la moción de reconsideración presentadas por la señora María Fernanda Hernández Fuentes. Lo anterior, por considerar que la Ley Núm. 42-2017, conocida como Ley para Manejar el Estudio, Desarrollo e Investigación del Cannabis para la Innovación, Normas Aplicables y Límites, 24 LPRA sec. 2621, es clara al establecer que aquellas personas que

estén autorizadas a utilizar cannabis medicinal -- y actúen dentro de los parámetros de la precitada ley -- no estarán sujetas a sanciones penales por parte del Estado Libre Asociado de Puerto Rico, ni por ordenanzas de cualquier autoridad gubernamental. Contrario a ello, la señora Hernández Fuentes pudiese ser víctima de una sanción penal, como lo sería la revocación de su probatoria, a pesar de ésta haber cumplido a cabalidad con las condiciones que le impuso el Estado para recibir tal beneficio. Tratándose aquí de una vista que pudiera privar de su libertad a la señora Hernández Fuentes, el Juez Asociado señor Colón Pérez entiende que este caso requería la atención inmediata del Tribunal. Para éste, no se trata de ser abogados de parte, o de suplantar el juicio del Tribunal de Primera Instancia, se trata de hacer valer los derechos constitucionales y estatutarios de los puertorriqueños y puertorriqueñas sin dilación alguna. Máxime, cuando tales derechos son en extremo claros y no requieren interpretación.


José Ignacio Campos Pérez
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| El Pueblo de Puerto Rico<br><br>Recurrido<br><br>v.<br><br>María Fernanda Hernández Fuentes<br><br>Peticionaria | CC-2021-0157 | |

Voto particular disidente emitido por el Juez Asociado señor ESTRELLA MARTÍNEZ al cual se unen la Jueza Presidenta ORONOZ RODRÍGUEZ y el Juez Asociado señor COLÓN PÉREZ

En San Juan, Puerto Rico, a 12 de mayo de 2021.

"Al reconceptualizar la función del juez dentro del proceso de un rol meramente adjudicador, a un rol activo como agente terapéutico, donde se ve al adicto ya no como criminal, sino como un individuo necesitado de ayuda especializada, se va impactando también la sociedad, promoviendo cambios a nivel cultural y de política pública. En la medida en que este cambio sea aceptado y promovido se impactará a nivel Macro-Social la forma como se ve al adicto, moviendo la política pública del modelo prohibioncita de perseguir, penalizar y castigar, a uno salubrista de tratamiento y rehabilitación".[1]

---

[1]Ana María López Beltrán, Las Cortes de Drogas bajo el enfoque de justicia terapéutica: evaluación de programas en Puerto Rico, págs. 11-12, http://webcache.googleusercontent.com/search?q=cache:gkv6MUt Gyk4J:www.cicad.oas.org/fortalecimiento_institucional/dtca/m anual/Referencias/Fabian/LopezArticle.doc+&cd=3&hl=es&ct=cln k&gl=pr (última visita 11 de mayo de 2021).

En este caso, comparece una persona que se expone innecesariamente a la revocación de una probatoria y, por consiguiente, a la potencial privación de su libertad en una controversia viva que exigía nuestra oportuna intervención. Así, resultaba indispensable que hoy ejerciéramos oportunamente nuestro rol indelegable de pautar el derecho y creáramos el precedente para que los tribunales aplicaran uniformemente el derecho debidamente delineado en la controversia novel aquí planteada.

Lo anterior, pues, en ausencia de expresiones por parte de este Tribunal en cuanto a la utilización del cannabis medicinal como un tratamiento alternativo para una condición médica y sus contornos en este caso en particular, los foros recurridos carecerán de guías que promuevan la correcta disposición de esta controversia. Esto acarreará no tan sólo la potencial privación de la libertad de la parte peticionaria, sino que, también, representa un retroceso para la adecuada implementación de la política pública del Gobierno de Puerto Rico que promueve la utilización del cannabis medicinal como una alternativa legítima de tratamiento para las y los pacientes con condiciones médicas debilitantes. Veamos.

Un examen del expediente revela que, en mayo de 2016, la Sra. María Fernanda Hernández Fuentes (señora Hernández Fuentes) fue sentenciada bajo la Ley de sustancias controladas de Puerto Rico, 24 LPRA sec. 2101 et seq., a un

término de cinco (5) años bajo el beneficio de una sentencia suspendida. Luego de obtener una recomendación por parte de un facultativo médico, ésta comenzó a utilizar cannabis medicinal como tratamiento para sus condiciones médicas. Tras ello, la señora Hernández Fuentes se expone mañana a perder su libertad porque el Tribunal de Primera Instancia determinó erróneamente que el tratamiento médico recomendado no era compatible con las condiciones de su sentencia suspendida.

Una comprensión cabal de lo antes relatado exigía contextualizar que, con la promulgación de la Ley para manejar el estudio, desarrollo e investigación del cannabis para la innovación, normas aplicables y límites, Ley Núm. 42-2017, 24 LPRA secs. 2621-2626h (Ley Medicinal), el Gobierno de Puerto Rico estableció una política pública que tiene como punta de lanza viabilizar que un facultativo médico recomiende la utilización del cannabis medicinal con el objetivo principal de brindar bienestar médico a los pacientes.[2] En ese sentido, la Ley Medicinal representa "un acto afirmativo del Gobierno a que se considere el cannabis medicinal como una alternativa de tratamiento legítima para ciertas condiciones médicas".[3]

_____

[2]Jerry Negrón Marín, El empleado-paciente de cannabis medicinal en Puerto Rico, 88 Rev. Jur. UPR 920, 953 (2019) (citando a Exposición de motivos, [Ley Medicinal], 2017 LPR 1643); 24 LPRA sec. 2621b.

[3]Negrón Marín, supra, pág. 953.

Siendo ello así, con su aprobación la Asamblea Legislativa no tan sólo delimitó las acciones gubernamentales permitidas en contra de pacientes que actúen bajo el palio de la Ley Medicinal, sino que, además, precisó las consecuencias de una actuación en incumplimiento con esta ley. En ese contexto, particularmente dispuso lo siguiente:

> **Las personas que cumplan con todos los requisitos** y actúen dentro del marco que provee este capítulo y los reglamentos que se promulguen conforme al mismo, **no estarán sujetas a sanciones penales del Gobierno de Puerto Rico u ordenanzas de cualquier autoridad gubernamental de Puerto Rico.** Si alguna persona actúa fuera del marco de este capítulo y los reglamentos que se promulguen a tenor con el mismo, responderá criminalmente conforme a las leyes penales aplicables y estará expuesto a cualquier sanción civil y administrativa aplicable. (Énfasis suplido). 24 LPRA sec. 2623.

Como puede verse, la Ley Medicinal prohíbe la imposición de responsabilidad penal a los pacientes que reciban su tratamiento conforme a lo dispuesto en la ley. A pesar de lo anterior, en este caso, el Tribunal de Primera Instancia prohibió a la señora Hernández Fuentes su utilización como tratamiento y lo constituyó como una violación a los términos de su probatoria.

Esta determinación, además de ser errónea por imponer una limitación que la Ley Medicinal expresamente proscribe, atenta contra una patente política pública promovida por la Rama Ejecutiva y refrendada por la Rama Legislativa. Así, resulta improcedente que el sistema judicial actúe enajenado de los principios promulgados en la Ley Medicinal y, con ello, sujete la revocación de la probatoria a la abstención

de un tratamiento legítimo autorizado por ley y recomendado por un facultativo médico. Con este proceder, se priva de alternativas terapéuticas a un paciente que se encuentra sujeto a un procedimiento penal y se le coloca en una encrucijada y estado de indefensión que atenta contra su bienestar.

La Ley Medicinal promueve la utilización del cannabis medicinal por parte de la ciudadanía como tratamiento para determinadas condiciones médicas debilitantes. Ya es hora de dejar a un lado el tabú que representa su utilización y, en cambio, debemos adoptar un enfoque pragmático en el que se destaquen los beneficios que representa el tratamiento con cannabis medicinal en la salud de los pacientes. Nuestro sistema de justicia criminal no puede estar ajeno a esta realidad y obviar el nuevo enfoque que debe impregnarse en estos casos.

La señora Hernández Fuentes le notificó a la técnica de servicios sociopenales sobre su autorización médica para la utilización del cannabis medicinal. Sin embargo, el sistema la penalizó cuando no podía hacerlo. Si hay de por medio razones médicas para el uso del cannabis medicinal y se cumple con los parámetros de la ley, los tribunales no pueden descartar su uso así, sin más, y criminalizar una vez más a las personas acusadas bajo la Ley de sustancias controladas de Puerto Rico, supra.

Lo acontecido en este caso ejemplifica el fracaso del sistema en la llamada "guerra contra las drogas". Una mujer

que cumplió por cinco (5) años las condiciones impuestas por el tribunal para demostrar su rehabilitación y reintegración a la sociedad, ahora se le pretende revocar su libertad con la posible consecuencia de tener que cumplir ese mismo tiempo de años, pero en la cárcel, por utilizar un tratamiento médico así reconocido y permitido en nuestro ordenamiento jurídico. La señora Hernández Fuentes se expone a ser doblemente sancionada y castigada por el mismo sistema que se supone que tenga como norte su rehabilitación y reinserción a la libre comunidad.

Resulta innegable la necesidad de armonizar disposiciones de varias leyes que inciden sobre garantías individuales de la peticionaria. Ese vacío está siendo atendido paralelamente por la Asamblea Legislativa de Puerto Rico, ante la consideración del P. de la C. 524, presentado por el Hon. Jesús Manuel Ortiz González. La medida persigue reconocer legislativamente la improcedencia de que se considere una violación a las condiciones de libertad a prueba o para conceder los beneficios de una probatoria, el uso de cannabis medicinal. La pieza legislativa está inspirada en la Sección 19 del Artículo VI de la Constitución del Estado Libre Asociado de Puerto Rico, en su parte pertinente, dispone:

> *Será política pública del Estado Libre Asociado "...reglamentar las instituciones penales para que sirvan a sus propósitos en forma efectiva y propender, dentro de los recursos disponibles, al tratamiento adecuado de los delincuentes para hacer posible su rehabilitación moral y social.".*

Recientemente, la Comisión de lo Jurídico de la Cámara de Representantes rindió un Informe Positivo en torno al P. de la C. 524 y resulta muy persuasiva la postura institucional del Departamento de Corrección y Rehabilitación, quien favoreció la aprobación de la medida al acertadamente reconocer que "el mismo abona a crear cierto balance en nuestro ordenamiento jurídico que actualmente no cuenta con este tipo de protecciones". Véase Informe Positivo sobre el P. de la C. 524.

Estoy consciente que algunos sectores de la judicatura, lejos de encontrar persuasivo este trámite legislativo, podrán utilizarlo como una excusa para no ejercer el rol de pautar el derecho aquí expuesto y asumir la actitud de que lo resuelva la Asamblea Legislativa. Por el contrario, reitero que no debemos negar un remedio cuando el Derecho resulta silente, insuficiente u obscuro, mucho menos como en este caso que se requería integrar el **reconocimiento** de una protección legal aplicable al proceso de revocación de una probatoria. *AAR*, *Ex parte*, 187 DPR 835, 1071 (2013) (Estrella Martínez, Opinión Disidente). Precisamente, en esta ocasión, cuando la libertad de una persona está en grave peligro.

Ante el cuadro descrito, entiendo que el remedio adecuado, completo y oportuno que merecía el presente caso era declarar con lugar la Moción en solicitud de orden provisional en auxilio de jurisdicción, así como a la solicitud de reconsideración. Nuestro deber y

responsabilidad de pautar el derecho en esta controversia novel así lo exigía.

Luis F. Estrella Martínez
Juez Asociado